IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GREGORY MILLS, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 2:10-cv-04036-NKL |
| CITY OF SPRINGFIELD, MISSOURI, et. al., | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT LASERCRAFT, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs filed their First Amended Complaint on March 26, 2010. On April 26, 2010, Defendants LaserCraft and the City of Springfield filed a joint Motion to Dismiss the two-count Complaint. Three days later, in an obvious effort to salvage their doomed First Amended Complaint, Plaintiffs sought and received leave to file a Second Amended Complaint.

The ten new "claims" in Plaintiffs' Second Amended Complaint add length, but not merit. As discussed more fully in Defendant City of Springfield's Motion to Dismiss and Memorandum in Support of Motion to Dismiss,[1] which are incorporated herein, each of the claims fails to state a claim upon which relief can be granted. This Memorandum focuses on two federal claims that are directed against LaserCraft: (1) Count VIII, which alleges that LaserCraft denied Plaintiffs substantive and procedural due process in violation of 42 U.S.C.

---

[1] Six of the counts raised in the Second Amended Complaint are brought against both LaserCraft and the City of Springfield. See Second Amended Complaint, Counts I – III, V, VI, XI. To avoid redundancy, LaserCraft incorporates herein the arguments made by the City of Springfield in its Motion to Dismiss and Memorandum in Support of Motion to Dismiss with respect to claims asserted against both Defendants as well as the factual and procedural background set forth in the City of Springfield's Memorandum.

1

§ 1983; and, (2) Count IX, which rests on the novel and implausible proposition that LaserCraft is a debt collector capable of violating the Fair Debt Collection Practices Act. Each of these claims should be dismissed with prejudice as a matter of law because the allegations, even if true, do not state a claim as a matter of law. The remaining claims are addressed fully in Defendant City of Springfield's Motion to Dismiss and Memorandum in Support and should be dismissed for the reasons stated therein.

## ARGUMENT

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). This is because Federal Rule of Civil Procedure 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 545 n. 3. See id. at 562-563 (the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement"). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. It, therefore, is not sufficient if "a complaint pleads facts that are 'merely consistent with' a defendant's liability," because "it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic, 550 U.S. at 557).

"[A] Plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). Thus, taking all factual

2

allegations as true, if the plaintiff is not entitled to relief under the relevant law, the claim must be dismissed with prejudice. Such is the case here.

> **B.** **Plaintiffs Do Not State a Claim Against LaserCraft Under 42 U.S.C. § 1983; Accordingly, Count VIII Must Be Dismissed as a Matter of Law.**

Plaintiffs' § 1983 claim fails as a matter of law for a multitude of reasons.[2] To begin with, Plaintiffs' § 1983 claim against LaserCraft is barred by the doctrines of waiver and estoppel. As set forth more fully in Defendant City of Springfield's Memorandum, all of the named Plaintiffs allegedly received their notices of violation and paid their $100 fines. Moreover, none of the named Plaintiffs alleged that they challenged their violations at any time. Because each of the named Plaintiffs failed to utilize the available procedures to contest the validity of their violations, the doctrines of waiver and estoppel require dismissal of Plaintiffs' § 1983 claim.

In addition, in order to state a claim under § 1983, Plaintiffs must allege, and ultimately prove, a violation of the U.S. Constitution. Cook v. City of Bella Villa, 582 F.3d 840, 848 (8th Cir. 2009). No court in the United States has ever concluded that automated traffic control devices such as the one at issue in this case violate any citizen's constitutional rights. See e.g., Kilper v. City of Arnold, Mo., 2009 WL 2208404 at *13-19 (E.D. Mo. July 23, 2009); Ware v. Lafayette City-Parish Consolidated Government, 2009 WL 5876275 at *4-6 (W.D. La. 2009); Idris v. City of Chicago, 2008 WL 182249 at *6 (N.D. Ill. 2008); Mendenhall v. City of Akron,

---

[2] In the City of Springfield's Memorandum, it addresses many of the specific alleged violations of § 1983. For instance, the Memorandum contains analysis explaining why the Defendants' actions did not constitute an unreasonable seizure. Similarly, the Memorandum provides in depth analysis relating to Plaintiffs' claim of violations of substantive and procedural due process. The analysis provided in the City of Springfield's Memorandum is equally applicable to the § 1983 claim raised against LaserCraft in Count VIII. Thus, in an effort to avoid redundancy, LaserCraft incorporates herein the arguments made by the City of Springfield in its response to Count IV, the § 1983 claim raised against the City of Springfield.

2008 WL 7484179 at *2-6 (N.D. Ohio 2008); Shavitz v. City of High Point, 270 F.Supp.2d 702, 712-717 (M.D.N.C. 2003). In Idris v. City of Chicago, Illinois, the Seventh Circuit analyzed whether certain red light cameras violated the equal protection and due process clauses of the Constitution's 14th Amendment. 552 F.3d 564, 565 (7th Cir. 2009). The Seventh Circuit affirmed the district court's dismissal of the complaint, explaining that "[s]ubstantive due process depends on the existence of a fundamental liberty interest, and no one has a fundamental right to run a red light or avoid being seen by a camera on a public street." Id. at 566 (internal citations omitted). Thus, if this case proceeds to the merits, LaserCraft is confident that Plaintiffs' § 1983 claim will suffer a similar fate.

Finally, Plaintiffs' § 1983 claim fails to state a claim upon which relief can be granted because LaserCraft acted in good faith. When a plaintiff asserts denial of constitutional rights under § 1983, a defendant can claim "good faith immunity" due to reliance on a presumptively valid statute. See e.g., Clement v. City of Glendale, 518 F.3d 1090 (9th Cir. 2008); Guzman v. Western State Bank of Devils Lake, 540 F.2d 948, 952 (8th Cir. 1976). "[T]he good faith defense requires the defendant to have acted sincerely and with a belief that his actions were proper." Doores v. McNamara, 476 F.Supp. 987, 993 (W.D. Mo. 1979). In addition, "the action when viewed objectively must not violate well established and unquestionable constitutional rights." Id.

In Clement v. City of Glendale, 518 F.3d 1090, 1092 (9th Cir. 2008), the court analyzed "the extent to which the Due Process Clause of the Fourteenth Amendment requires a state to provide notice before it may tow a vehicle parked in violation of state registration laws, if the owner has dutifully complied with an alternate form of registration." Plaintiff filed suit against the police officer who issued her the ticket and the towing company after her vehicle was towed

from a hotel parking lot.  Id. at 1092-93.  The court held that the facts of the case justified allowing the towing company to assert the good faith defense because the company "did its best to follow the law and had no reason to suspect that there would be a constitutional challenge to its actions."  Id. at 1097.  The court reasoned that "the tow was authorized by the police department, conducted under close police supervision and appeared to be permissible under local ordinance and state law."  Id.  Thus, the court concluded that the towing company was entitled to invoke the good faith defense and that summary judgment should be entered in its favor.  Id.

Here, LaserCraft did its best to follow the law and had no reason to suspect that there would be a constitutional challenge to its actions.  Until the decision in *City of Springfield v. Adolph Belt, Jr.* on March 2, 2010, LaserCraft had no knowledge that the administrative procedure provided by the City of Springfield was invalid.  Prior to that date, LaserCraft had no indication that the city ordinance was unconstitutional, nor could they reasonably be expected to predict the course of constitutional law.  Accordingly, LaserCraft is entitled to invoke the good faith defense and Count VIII should be dismissed as a matter of law.

### C. Count IX Fails as a Matter of Law Because a Traffic Violation is Not Considered a "Debt" Under the Fair Debt Collection Practices Act.

In Count IX, Plaintiffs claim that LaserCraft sought to collect debts on behalf of the City of Springfield relating to Plaintiffs' "non-payment of fees for passing through an intersection while the traffic signal was red."  Second Amended Complaint, ¶ 163.  Plaintiffs allege that LaserCraft violated the Fair Debt Collection Practices Act ("FDCPA") by collecting monies from Plaintiffs that were not permitted by law.  Id. at ¶ 171.

The existence of a debt is a threshold requirement under the FDCPA.  The Act defines "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of

5

> a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Hence, "[b]y the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370-71 (11th Cir. 1998). Instead, a "debt" under the Act can only arise as a result of a "consensual transaction for the purchase of consumer goods or services." Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir. 1997); see also Heintz v. Jenkins, 514 U.S. 291, 293 (1995) (stating that the FDCPA "limits 'debt' to consumer debt"). "The ordinary meaning of "transaction" necessarily implies some type of business dealing between parties . . . not damage obligations thrust upon one as a result of no more than her own negligence." Turner v. Cook, 362 F.3d 1219, 1228 (Cal. 2004). Graham v. ACS State and Local Solutions, Inc. illustrates the point. In Graham, the court rejected the claim that parking tickets gave rise to a "debt" under the FDCPA. 2006 WL 2911780, *2 (D. Minn. Oct. 10, 2006). The court found that a fine for a parking violation was not a consensual or consumer transaction and, therefore, was not a "debt" under the FDCPA.

In the instant case, the traffic violation fines at issue did not arise from any "consensual" transaction as required by the Act. Nor were the fines any part of a transaction for "consumer" goods or services, much less for any goods or services "primarily for personal, family, and household purposes." See 15 U.S.C. § 1692a(5). The fines, therefore, fall far short of qualifying as a "debt" under the FDCPA. Accordingly, Count IX must be dismissed.

WHEREFORE, Defendant LaserCraft, Inc. respectfully requests that the Court, pursuant to Rule 12(b)(6), dismiss the Second Amended Complaint with prejudice and for such other and further relief as this Court deems just and proper.

Dated:  June 2, 2010                                    Respectfully submitted,

                                                        DOWD BENNETT LLP

                                                    By:  /s/   Jennifer S. Kingston
                                                        Edward L. Dowd, Jr., #28785
                                                        edowd@dowdbennett.com
                                                        Jennifer S. Kingston, #49307
                                                        jkingston@dowdbennett.com
                                                        John Comerford
                                                        jcomerford@dowdbennett.com
                                                        7733 Forsyth Blvd., Suite 1410
                                                        St. Louis, Missouri  63105
                                                        Telephone:  (314) 889-7300
                                                        Facsimile:  (314) 863-2111

                                                        Attorneys for Defendant
                                                        LaserCraft, Inc.


**CERTIFICATE OF SERVICE**

     I hereby certify that on June 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic notification system, which will send electronic notification to all parties of record.

                                                        ____/s/ Jennifer S. Kingston_____