**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

**GREGORY MILLS, MICHAEL ABEL,**
**LANCE WILSON, GEORGE KELLER,**
**BARBARA RYAN, NORMAN HALL,**
**CARLA B. PRINCE, JERRY SANDERS,**
**RHONDA MCHALE, ANGELA DOWD,**
**JACK HALL, TAMMIE SMITH, JONNA**
**BINNEY, JOETTA BOWLING, DALE**
**GOODRICH, WILLIAM HOTSENPILLER,**
**AMY WOLFE, JANELLE BLEVINS,**
**RONDA JOHNSON, GARY ROACH,**
**MICHAEL TUNING, WENDI LOREDO,**
**KIMBERLY FOGU, OPAL WORLEY,**
**AMBER RINEHART, THERESE KLEIN,**
**PENNY HOLMAN, EMOJEAN CHESTER,**
**ANGELA GROGAN, RUTH TUMMONS,**
**JIMMY BROWN, LISA MARLER,**
**WENDELL LOVEWELL, LOUISE**
**GLENN, TANYA SHANKS, LYNN**
**FULLER, DAWN BROWNING, MIKE**
**NICHOLL, REBECCA WHITE, TAMMY**
**SAWYERS, MELISSA RANGE, JEFF**
**BROOKSHIER, JACK EDGE, BRIAN**
**JOHNSON, MATTHEW PEARCE, and**
**RANDALL GAYNOR (individually and on**
**behalf of all others similarly situated,**

                                 Plaintiffs,

vs.                                      Case No. 2:10-CV-04036-NKL

**CITY OF SPRINGFIELD, MISSOURI, et al.**

                                 Defendants.

## THIRD AMENDED COMPLAINT

      With leave of the court, Plaintiffs bring this Third Amended Complaint against

Defendants. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs

individually and on behalf of all others similarly situated, bring the following causes of action

against the City of Springfield, Missouri and LaserCraft, Inc.:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to this claim occurred within this District.

## PARTIES

3. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

4. Plaintiffs, individually and on behalf of all others similarly situated, seek their attorney fees and costs sought pursuant to 42 U.S.C. § 1988.

5. Defendant, City of Springfield ("Defendant Springfield"), is a municipality incorporated under the laws of the State of Missouri and is subject to this court's jurisdiction.

6. Defendant, LaserCraft, Inc., is a Georgia corporation registered to do business in the State of Missouri.

## CLASS CERTIFICATION

7. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

8. Plaintiffs bring this action individually and on behalf of all parties who received citations in the City of Springfield after having a photograph taken of their vehicle by a camera mounted above a traffic control device ("red-light camera") and who paid fines in connection with those citations under § 106-161 of the Springfield, Missouri Municipal Code.

9. This class also includes all other legal representatives, heirs, or beneficiaries ("Representative Claimants"), and any other persons asserting the right to sue defendants

independently or derivatively by reason of their personal relationship with an individual who has been the object of Defendants' illegal red-light violation procedures, including without limitation, spouses, parents, children, dependents, relatives and/or intestate beneficiaries, or "significant others," ("Derivative Claimants").

10. Plaintiffs are members of the class they seek to represent.

11. Because Defendant Springfield has issued citations to over 8,000 individuals as a result of the red light cameras, the members of the class are so numerous that joinder is impracticable.

12. There are questions of law and fact common to the class including, but not limited to:

    a.   Whether Defendant Springfield violated the constitutional rights of Plaintiffs and the class members by issuing citations to Plaintiffs and the class members based on photographs taken by red light cameras;

    b.   Whether Defendant Springfield violated Plaintiffs' and the class members' constitutional right to access the courts;

    c.   Whether Defendant Springfield violated Plaintiffs' and the class members' constitutional right to a speedy and public trial;

    d.   Whether Defendant Springfield violated Plaintiffs' and the class members' constitutional right to procedural and substantive due process;

    e.   Whether Defendant Springfield violated Plaintiffs' and the class members' right to trial by jury;

    f.   Whether Defendant Springfield violated Plaintiffs' and the class members' rights under the United States Constitution subjecting Defendant Springfield to civil liability under 42 U.S.C. § 1983;

g.  Whether Defendant Springfield violated Plaintiffs' rights under the Missouri Constitution;

h.  Whether Defendant Springfield violated Missouri's Hancock Amendment regarding imposing new taxes without a public vote;

i.  Whether Defendant Springfield must disgorge any and all monies it has received as a result of its misconduct;

j.  Whether Defendant, LaserCraft, Inc. must disgorge any and all monies it has received as a result of Defendant Springfield's illegal and unconstitutional procedures.

k.  Whether Defendant, LaserCraft, Inc., violated Plaintiffs' and the class members' rights under the United States Constitution subjecting Defendant LaserCraft, Inc. to civil liability under 42 U.S.C. § 1983;

l.  Whether Defendant Springfield should be enjoined from using red light cameras to enforce state and municipal laws;

m.  Whether Defendant Springfield should be enjoined from using administrative hearings in connection with red-light violations.

13. These and other questions of law and/or fact are common to the class and predominate over any questions affecting only individual class members.

14. Plaintiffs' claims are typical of the claims of the respective class they seek to represent, in that Plaintiffs and all members of the proposed class were victims of Defendants' illegal red-light violation procedures.

15. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class they represent.

16. The representative Plaintiffs have retained counsel competent and experienced to represent them and the members of the proposed class.

17. Plaintiffs' counsel has represented parties in multiple class actions and has been appointed class counsel in a certified class action.

18. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members establishing incompatible standards of conduct for Defendant Springfield and Defendant, LaserCraft, Inc.

19. Defendant Springfield and Defendant, LaserCraft, Inc., have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

20. This class action is superior to other available remedies for the fair and efficient adjudication of this controversy because the damages suffered by individual class members may be relatively small, thus few, if any, individual class members will be able to afford to seek legal redress individually.

## COUNT I—CONSTRUCTIVE TRUST AGAINST ALL DEFENDANTS

21. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

22. This court has supplemental jurisdiction of this state law claim under 28 USC § 1367 in that this claim is so related to the federal question claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

23. Plaintiffs were cited for running a red light at various intersections within the City of Springfield after a camera mounted to a traffic control device took a photograph of Plaintiffs' vehicles passing though the intersections.

24. Defendant Springfield, through its city manager, improperly appointed municipal judges to serve as administrative hearing officers to hear appeals of § 106-161 violations.

25. Defendant Springfield classifies the red light camera tickets as administrative rule violations in an attempt to avoid individuals' right to access the courts, right to a speedy and public trial, equal protection, right to due process, and other rights owed under the United States Constitution and the Missouri Constitution.

26. Defendant Springfield forced Plaintiffs to pay $100 fines in connection with the alleged red-light violations.

27. Plaintiffs and class members paid their fines without full knowledge of the facts surrounding the violations.

28. Plaintiffs and class members paid their fines under duress in that Defendants threatened Plaintiffs and class members with additional legal action if Plaintiffs and class members did not pay the fine.

29. Defendants acted fraudulently in forcing Plaintiffs and class members to pay the fines because Defendants had no lawful justification to collect the $100 fines.

30. Defendants made fraudulent misrepresentations to Plaintiffs and class members as set forth more fully in the fraudulent misrepresentation count below, which is incorporated herein by reference.

31. Other class members retained legal counsel to represent them at the administrative hearing level and beyond, incurring fees, costs and damages in defending themselves against the application of this illegal and unconstitutional ordinance.

32. On March 2, 2010, in the case of *City of Springfield, Missouri v. Adolph Belt, Jr.* (case number SC90324), the Missouri Supreme court, declared that Springfield Municipal Code § 106-161, which provides for an administrative proceeding for violations of this section, is inconsistent with Missouri law.

33. Because the municipal code was inconsistent with Missouri law, Defendant Springfield had no lawful justification to collect fines from Plaintiffs and class members.

34. Without lawful justification, Defendant Springfield's collection of the red light fines amounted to an unconstitutional taking.

35. The actions of Defendants in demanding and receiving payment from Plaintiffs and class members amount to actual and/or constructive fraud upon Plaintiffs and class members.

36. Defendant, LaserCraft, Inc., received payment directly from the monies collected by the City of Springfield from Plaintiffs and class members.

37. Defendants wrongly acquired money from Plaintiffs and class members.

38. Defendants acquired Plaintiffs' and class members' property under circumstances which make it inequitable for Defendants to retain it.

39. Defendants' actions wrongfully deprived, or caused Plaintiffs and class members to lose title, right, equity, interest, expectancy, or benefit, and this would not have occurred but for the fraudulent, wrongful, and unconstitutional acts of Defendants.

40. This court should appoint a trustee for Plaintiffs and class members and order that the funds be transferred by Defendants to said trustee for proper distribution so as to effect

restitution or rectify Defendants' improper taking of Plaintiffs' and class members' property.

41. The court should use this constructive trust to restore to Plaintiffs and class members the property of which they were unjustly deprived and should use said trust to disgorge from Defendants Plaintiffs' and class members' property, the retention of which by Defendants would result in a corresponding unjust enrichment of Defendants.

42. This constructive trust will prevent a loss to Plaintiffs and class members and a corresponding gain to Defendants and will put each of them in the position they were in before Defendants acquired the property.

**WHEREFORE,** Plaintiffs pray this court (1) certify the class described above; (2) impose a constructive trust over the funds and the proceeds from the expenditures of such funds, regardless of who possesses such proceeds and to appoint a trustee thereover; (3) order Defendants to pay over all monies obtained from Plaintiffs and class members; (4) order the distribution of the corpus of the constructive trust to Plaintiffs and class members; and (5) grant Plaintiffs and class members such other relief as the Court deems just and proper.

## COUNT II—PRELIMINARY INJUNCTION

43. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

44. The red light cameras owned and operated by Defendants remain in place in the City of Springfield.

45. In spite of Missouri Supreme Court's decision in *Belt v. City of Springfield, Missouri*, Defendant Springfield has not amended, rescinded, or otherwise altered § 106-161 of the City of Springfield, Missouri municipal code.

46. Even if Defendants have temporarily stopped issuing citations for violation of § 106-161 and temporarily turned the cameras off, Defendants could, at any time, turn the cameras back on and begin issuing citations.

47. Under § 106-161, Defendant Springfield is still authorized to compel Plaintiffs, class members, and any other person traveling through the City of Springfield who has their photograph taken by the red light cameras, to pay Defendant Springfield $100 and to appear at an administrative hearing.

48. Forcing Plaintiffs, class members and others to submit to this illegal administrative process will cause Plaintiffs, class members and others to suffer violations of their rights protected by the United States Constitution and the Missouri Constitution.

49. Additionally, Plaintiffs, class members and others will suffer monetary loss by paying any fines levied by Defendants for violations of § 106-161.

50. Furthermore, prior to installing the red light cameras, Defendants caused the yellow light timing at the subject intersections to be reduced, causing the time for motorists to clear the intersection to be reduced and making it more likely that large numbers of motorists would be charged with running a red light.

51. The reduced yellow light time of the affected intersections is unreasonably dangerous and affects motorists' safety.

52. Plaintiffs and class members have no adequate remedy at law.

53. Absent relief from this court, Plaintiffs, class members and others will suffer immediate and irreparable injury, harm, and damage in the form of violations of their rights and monetary loss.

54. Absent relief from this court, Plaintiffs and class members will suffer immediate and irreparable injury in the form of collisions at the affected intersections because of the reduced yellow light time.

**WHEREFORE**, Plaintiffs respectfully request the Court issue a preliminary injunction enjoining Defendants from enforcing Section 106-161 of the City of Springfield Municipal Code until such time as a trial can be held on the merits on Plaintiffs' Petition for Permanent Injunction, enjoining Defendants from collecting fines from any person who received notice of a violation of Section 106-161 but has not yet paid the fine, and ordering Defendant City of Springfield to restore the previous yellow light timing and granting Plaintiffs and class members such other relief as the Court deems proper under the circumstances.

## COUNT III—PERMANENT INJUNCTION

55. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

**WHEREFORE**, Plaintiffs and class members respectfully request the Court enter a permanent injunction enjoining Defendants from enforcing § 106-161 of the City of Springfield Municipal Code and from compelling Plaintiffs, class members and all other persons who have their photographs taken by red light cameras to appear in front of an administrative body to appeal any citation issued because of the photograph, order Defendant City of Springfield to restore the previous yellow light timing, and order such other relief as the Court deems just and proper.

## COUNT IV—42 U.S.C. § 1983 AGAINST CITY OF SPRINGFIELD, MISSOURI

56. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

57. Plaintiffs and class members are persons within the meaning of 42 U.S.C. § 1983.

58. Plaintiffs have standing to bring this claim in that each class member has suffered an injury in fact caused by Defendant's conduct and a favorable judicial ruling would redress the harm each of them suffered.

59. Plaintiffs' proposed class includes members travelling peaceably through Springfield to other states and Defendant's levying the purported "red light civil penalty" upon them affects interstate commerce.

60. Upon information and belief, the photographs made by the red light cameras were subject to being inaccurate, flawed and inconsistent.

61. Plaintiffs' claims are ripe for adjudication in that each class member has been damaged by the actions of Defendant Springfield.

62. At all times pertinent to this complaint, Defendant Springfield acted under color of state law.

63. Defendant Springfield violated Plaintiffs' and class members' rights secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution including but not limited to the following respects:

   a. Defendant Springfield denied Plaintiffs and class members access to the courts;

   b. Defendant Springfield denied Plaintiffs and class members a speedy and public trial;

   c. Defendant Springfield denied Plaintiffs and class members a trial by jury;

   d. Defendant Springfield denied Plaintiffs and class members the right to confront the witnesses against them;

e.  Defendant Springfield violated Plaintiffs' and class members' constitutional rights by illegally switching the standard of proof to Plaintiffs and class members;

f.  Defendant Springfield violated Plaintiffs' and class members' rights by illegally lowering its standard of proof for proving red light violations;

g.  Defendant Springfield has denied Plaintiffs and class members the equal protection of the laws because individuals accused of violating other provisions of the Springfield, Missouri Municipal Code receive Sixth Amendment protections including but not limited to a trial by jury.  *See* Section 12.7 of the City of Springfield, Missouri Municipal Code;

h.  Defendant Springfield has denied Plaintiffs and class members their right to free speech;

i.  Defendant Springfield has unlawfully seized Plaintiffs' and class members' property;

j.  Defendant Springfield had unlawfully taken Plaintiffs' and class members' property for public use pursuant to their regulatory powers;

k.  Defendant Springfield has denied Plaintiffs and class members right to substantive and procedural due process;

l.  Defendant Springfield deprived Plaintiffs and class members of their rights, privileges, and immunities;

m.  Defendant Springfield deprived Plaintiffs and class members of their liberty interests; and

n.  Defendant Springfield has made Plaintiffs and class members subject to double jeopardy.

64. Defendant Springfield has attempted to disguise a criminal ordinance as a civil ordinance in an attempt to avoid the requirements imposed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United State Constitution.

65. Section 106-161 is a criminal ordinance under which Plaintiffs and class members were entitled to the protections of the Constitution.

66. The ordinance provision at issue is contained in Section 106 which is at its heart a criminal code provision.

67. Ordinances contained within section 106 of the City of Springfield Municipal Code are criminal in nature in that the terms of the Springfield Municipal Code provide they are to be tried in the Municipal Division of the Circuit Court and may result upon conviction in a fine, imprisonment or both. *See* Section 1-7.

68. Alternatively, Section 106-161 is civil in nature entitling Plaintiffs and class members to substantive and procedural due process and protection from unconstitutional takings of their property and deprivation of their rights.

69. Section 106-161 imposes a sanction that constitutes an affirmative disability or restraint.

70. The punishment under Section 106-161 has historically been regarded as a punishment in that most red light violators have always received a monetary fine.

71. Section 106-161 provides for defenses negating scienter.

72. Section 106-161 promotes the traditional aims of punishment-retribution and deterrence.

73. The behavior to which Section 106-161 applies was already a crime under local and state law.

74. There is no alternative purpose to which the ordinance may rationally be connected other than penalizing red light violations.

75. To the extent that Defendant Springfield assigns some remedial purpose to the ordinance, said remedial or safety purpose is outweighed by the excessive fine imposed for the purported civil violation.

76. Under Section 106-161, "A rebuttable presumption shall be created that the owner of the motor vehicle operated or used the vehicle in violation of sections 106-155 et seq. and was the driver of the vehicle at the time and place the violation was captured by the automated traffic control system record."

77. Under Section 106-161, "The city shall show by a preponderance of the evidence: (1) that a motor vehicle was being operated or used; (2) that the operation or use of the motor vehicle was in violation of sections 106-155 et seq.; and (3) That the defendant is the owner of the motor vehicle in question; thereafter and by operation of this section."

78. However, when Defendant Springfield arbitrarily and capriciously decided to enforce the red light law by camera, the purported defendant did not receive a trial by jury.

79. Plaintiffs and class members were denied trial and access to the courts because the administrative tribunal that was to hear their appeals had no authority under the city charter, under state law, or under the Missouri or United States Constitution.

80. Furthermore, Defendant Springfield had no authority to force the circuit court to assume jurisdiction to hear any appeal because the jurisdiction of the circuit court is limited by Article 5 of the Missouri Constitution.

81. Defendant Springfield failed to promulgate policies, practices, or procedures to ensure that Plaintiffs' and class members' rights under the U.S. Constitution were not violated.

82. The administrative process that the Missouri Supreme Court found to violate Missouri law did not constitute a meaningful and reasonable opportunity for Plaintiffs and class members to assert their constitutional claims.

83. Plaintiffs and class members have raised their constitutional claims at their earliest opportunity.

84. Plaintiffs either challenged the unconstitutional taking of their personal property through the procedures Defendant Springfield provided and/or should be excused from challenging the taking through Defendant Springfield's proscribed procedures because those procedures were unavailable or inadequate under the law.

85. Plaintiffs and class members have exhausted their available administrative remedies before filing suit.

86. At all times pertinent to this complaint, Plaintiffs' and class members' rights were well-established.

87. At all times pertinent to this complaint a reasonable person would have known of Plaintiffs' and the class members' rights.

88. Defendant Springfield is not entitled to qualified immunity or sovereign immunity.

89. As a direct and proximate result of Defendant Springfield's actions, Plaintiffs and class members have been damaged, deprived of their property, and incurred attorney's fees, costs and expenses.

90. Plaintiffs and class members seek a permanent injunction enjoining Defendant Springfield from enforcing Section 106-161 of the municipal code against Plaintiffs, class members, or any other individual who has received notice of their violation of Section 106-161, even if they have not yet paid the $100 fine.

91. Plaintiffs and class members are therefore entitled to damages and the recovery of litigation costs, including reasonable attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiffs pray this Court (1) certify the class described above, (2) order Defendant Springfield to disgorge all moneys improperly obtained from Plaintiffs and class members as a result of the alleged red-light violations, (3) award Plaintiffs all equitable and injunctive relief to which they are entitled; (4) enter judgment against Defendant Springfield for actual and compensatory damages in an amount to be determined by a jury as fair and reasonable, (5) award Plaintiffs and the class their costs of litigation and reasonable attorney fees pursuant to 42 U.S.C. § 1988, and (6) award Plaintiffs and the class such other relief as the Court deems just and proper.

## <u>COUNT V—ACTION PURSUANT TO 28 U.S.C. § 2201</u>

92. Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

93. An actual case and controversy has arisen between the parties.

94. Plaintiffs and class members assert that Section 106-161 of the Springfield Municipal Code violates the United States Constitution.

95. Defendants deny that Section 106-161 of the Springfield Municipal Code violates the United States constitution.

96. Section 106-161 violates the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

97. Section 106-161 violates the dormant commerce clause.

98. Section 106-161 violates the privileges and immunities clause of Article IV of the U.S. Constitution because the procedures of the ordinance favor in-state residents over out of state residents.

99. Section 106-161 requires out of state residents to return to Missouri to challenge their red light ticket where, in most cases, the price of gasoline to accomplish this exceeds the penalty of the ticket.

100. The ordinance is void for vagueness.

101. The ordinance is arbitrary and capricious.

102. The ordinance is not rationally related to any legitimate government function.

103. Defendant's actions in promulgating, implementing and enforcing the red light ordinance seek to protect the economic interests of the citizens of the City of Springfield at the expense of outsiders and out-of-state residents and amounts to economic protectionism making the ordinance per se invalid.

104. The burden upon interstate commerce imposed by the ordinance is clearly excessive in relation to the putative local benefits of the ordinance.

105. Plaintiffs have a liberty interest in possessing personal property, to wit, currency, which cannot be taken by state action without just compensation.

106. Defendants have taken Plaintiffs' and class members' property without just compensation.

107. The taking of Plaintiffs' and class members' private property for public use pursuant to Defendant Springfield's regulatory powers violates the due process clauses of the Fifth Amendment incorporated to apply to the states in the Fourteenth Amendment.

108.     Defendant Springfield's actions in enacting and enforcing the ordinance against Plaintiffs and class members were arbitrary, capricious, and unreasonable and were not rationally related to any legitimate government function.

109.     Plaintiffs seek the judgment of this court declaring that Section 106-161 of the Springfield Municipal Code violates the United States Constitution.

**WHEREFORE**, Plaintiffs and class members respectfully request that this court enter its judgment declaring that Section 106-161 of the Springfield Municipal Code violates the United States Constitution in the foregoing respects, awarding Plaintiffs their costs incurred in bringing this action, and granting Plaintiffs and class members such other relief as the court deems just and proper.

## COUNT VI—DECLARATORY JUDGMENT

110.     Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

111.     There has arisen and now exists an actual controversy between the parties regarding whether Defendant Springfield violated the Missouri State Constitution.

112.     Plaintiffs and class members seek this court's declaration that:

a.   Defendant Springfield violated Article 5, § 14 of the Missouri Constitution by purporting to confer appellate jurisdiction to the circuit court to review the decision of the "hearing officer" in Section 106-161 cases;

b.   Defendant Springfield violated Article 5, § 18 of the Missouri Constitution because the Missouri Administrative Procedures Act does not apply to Section 160-161. Defendant Springfield cannot, by ordinance, force the circuit court to

engage in the review of administrative decisions that fall outside the purview of the Missouri Administrative Procedures Act;

c. The decisions of the Section 160-161 hearing officer are not reviewable under Article 5, § 18 of the Missouri Constitution;

d. Defendant Springfield violated Article 10, § 23 of the Missouri Constitution by levying taxes on Plaintiffs and class members without obtaining the approval of a majority of voters in the City of Springfield, Missouri;

e. Defendant Springfield deprived Plaintiffs and class members of equal rights and protections, liberty, pursuit of happiness, and the enjoyment of the gains of their own industry in violation of Article 1, § 2 of the Missouri Constitution;

f. Defendant Springfield deprived Plaintiffs and class members of their liberty and property without due process of law in violation of Article 1, § 10 of the Missouri Constitution;

g. Defendant Springfield deprived Plaintiffs and class members of the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against them face to face; to have process to compel the attendance of witnesses in their behalf; and a speedy public trial by an impartial jury in violation of Article 1, § 18(a) of the Missouri Constitution;

h. Defendant Springfield deprived Plaintiffs of class members of their right to open courts in violation of Article 1, § 14 of the Missouri Constitution;

i. Defendant Springfield deprived Plaintiffs and class members of the right to be free from unreasonable seizure in violation of Article 1, § 15 of the Missouri Constitution;

j.  Defendant Springfield subjected Plaintiffs and class members to double jeopardy in violation of Article 1, § 19 of the Missouri Constitution;

k.  Defendant Springfield deprived Plaintiffs and class members of their right to a trial by jury in violation of Article 1, § 22(a) of the Missouri Constitution;

l.  Defendant Springfield deprived Plaintiffs and class members of their private property without just compensation in violation of Article 1, § 26 of the Missouri Constitution;

m.  To the extent that Defendant Springfield purports to designate itself as an administrative agency, the decisions of which are subject to the provisions of the Missouri Administrative Procedures Act, Section 106-161 violates Article 1, § 31 of the Missouri Constitution, which prohibits administrative agencies from making rules, fixing fines, as punishment for violations;

n.  To the extent that Section 106-161 reclassifies the crime of failure to obey a traffic signal as a civil infraction and to the extent that a collision occurs incident to the crime, the ordinance violates Article 1, § 32 of the Missouri Constitution providing for the rights of crime victims;

o.  Section 106-161 violates Article 6, § 19(a) of the Missouri Constitution because

   i.  The general assembly of the State of Missouri did not confer upon Defendant Springfield the power to create administrative tribunals outside the purview of the Missouri Administrative Procedures Act;

   ii.  The police and/or regulatory powers exercised by Defendant Springfield through Section 106-161 violate the constitution

iii. The powers conferred by the ordinance are limited and/ore denied by Mo.
Rev. Stat. §§ 479.010 and 479.011.

113. There has also arisen and now exists an actual controversy between the parties
regarding whether Defendant Springfield violated Mo. Rev. Stat. §§ 479.010 and 479.011
by compelling Plaintiffs and class members to appeal municipal code violations to an
administrative body rather than to a division of the circuit court.

114. Plaintiffs also seek this court's declaration that Defendant Springfield's appeal
procedure for violations of Section 106-161 violates Mo. Rev. Stat. §§ 479.010 and
479.011 and Missouri law.

115. Plaintiffs also seeks an award of attorney fees and costs pursuant to Mo. Rev. Stat.
§ 527.100.

**WHEREFORE**, Plaintiffs and class members pray this Court enter its order declaring
the rights and obligations of the parties and granting Plaintiffs and class members such other
relief as the Court deems just and proper.

## COUNT VII—ACTION PURSUANT TO ARTICLE 10, § 23 OF THE MISSOURI CONSTITUTION (HANCOCK AMENDMENT)

116. Plaintiffs incorporate all preceding allegations by reference as if set out in full in
this count.

117. Plaintiffs and class members are taxpayers within the meaning of Article 10, § 23
of the Missouri Constitution.

118. The $100 charge imposed by Defendant Springfield on Plaintiffs and class
members under Section 106-161 of the City of Springfield Municipal Code constitutes a
tax under Missouri law.

119.     The $100 charge imposed by Defendant Springfield on Plaintiffs and class members under Section 106-161 of the City of Springfield Municipal Code does not constitute a license fee under Missouri law.

120.     The $100 charge imposed by Defendant Springfield on Plaintiffs and class members under Section 106-161 of the City of Springfield Municipal Code constitutes a criminal fine Missouri law.

121.     The $100 charge imposed by Defendant Springfield on Plaintiffs and class members under Section 106-161 of the City of Springfield Municipal Code constitutes a user fee under Missouri law.

122.     The $100 charge imposed by Defendant Springfield on Plaintiffs and class members under Section 106-161 of the City of Springfield Municipal Code was not authorized by law, charter or self-enforcing provisions of the Missouri constitution.

123.     In violation of Article 10, § 22, Defendant Springfield levied the $100 tax on Plaintiffs and class member without receiving the approval of the required majority of the qualified voters of the City of Springfield, Missouri.

124.     A controversy exists regarding whether the $100 charge constitutes a tax under Missouri law and whether Defendant Springfield's levy of the charge violates the Missouri Constitution.

125.     Plaintiffs and class members seek this court's declaration that the $100 charge constitutes a tax under Missouri law and that Defendant Springfield's levy of the charge without the vote of the majority of qualified voters violates the Missouri Constitution.

126.     Under Article 10, § 23 of the Missouri Constitution, Plaintiffs and class members are entitled to recover their attorney fees and costs incurred in maintaining this action.

**WHEREFORE**, Plaintiffs and class members respectfully request this court declare that the $100 charge imposed by Defendant Springfield under Section 106-161 of the City of Springfield Municipal Code violates the Missouri Constitution, enter judgment in favor of Plaintiffs and class members and against Defendant Springfield awarding Plaintiffs and class members their reasonable attorney fees and costs, and grant Plaintiffs and class members such other relief as the court deems just and proper.

## COUNT VIII – 42 U.S.C. 1983 AGAINST DEFENDANT LASERCRAFT

127.    Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

128.    Plaintiffs and class members are persons within the meaning of 42 U.S.C. § 1983.

129.    Plaintiffs have standing to bring this claim in that each class member has suffered an injury in fact caused by Defendant's conduct and a favorable judicial ruling would redress the harm each of them suffered.

130.    Plaintiffs' proposed class includes members travelling peaceably through Springfield to other states and Defendant's levying the purported "red light civil penalty" upon them affects interstate commerce.

131.    Upon information and belief, the photographs made by the red light cameras were subject to being inaccurate, flawed and inconsistent.

132.    Plaintiffs claim are ripe for adjudication in that each class member has been damaged by the actions of Defendant LaserCraft, Inc.

133.    At all times pertinent to this complaint, Defendant LaserCraft, Inc acted under color of state law.

134.     Defendant LaserCraft, Inc. violated Plaintiffs' and class members' rights secured

by the United States Constitution including but not limited to the following respects:

 a.  Defendant LaserCraft, Inc. has unlawfully seized Plaintiffs' and class members'

   property;

 b.  Defendant LaserCraft, Inc. had unlawfully taken Plaintiffs' and class members'

   property for public use pursuant to regulatory powers;

 c.  Defendant LaserCraft, Inc. has denied Plaintiffs and class members substantive

   and procedural due process;

 d.  Defendant LaserCraft, Inc. deprived Plaintiffs and class members of their rights,

   privileges, and immunities; and

 e.  Defendant LaserCraft, Inc. deprived Plaintiffs and class members of their liberty

   interests.

135.     Section 106-161 is a criminal ordinance under which Plaintiffs and class members

were entitled to the protections of the Constitution.

136.     The ordinance provision at issue is contained in Section 106 which is at its heart a

criminal code provision.

137.     Ordinances contained within section 106 of the City of Springfield Municipal

Code are criminal in nature in that the terms of the Springfield Municipal Code provide

they are to be tried in the Municipal Division of the Circuit Court and may result upon

conviction in a fine, imprisonment or both.  *See* Section 1-7.

138.     Alternatively, Section 106-161 is civil in nature entitling Plaintiffs and class

members to substantive and procedural due process and protection from unconstitutional

takings of their property and deprivation of their rights.

139.     Section 106-161 imposes a sanction that constitutes an affirmative disability or restraint.

140.     The punishment under Section 106-161 has historically been regarded as a punishment in that most red light violators have always received a monetary fine.

141.     Section 106-161 provides for defenses negating scienter.

142.     Section 106-161 promotes the traditional aims of punishment-retribution and deterrence.

143.     The behavior to which Section 106-161 applies was already a crime under local and state law.

144.      There is no alternative purpose to which the ordinance may rationally be connected other than penalizing red light violations.

145.     To the extent that Defendant Springfield assigns some remedial purpose to the ordinance, said remedial or safety purpose is outweighed by the excessive fine imposed for the purported civil violation.

146.     The administrative process that the Missouri Supreme Court found to violate Missouri law did not constitute a meaningful and reasonable opportunity for Plaintiffs and class members to assert their constitutional claims.

147.     Plaintiffs and class members have raised their constitutional claims at their earliest opportunity.

148.     Plaintiffs either challenged the unconstitutional taking of their personal property through the procedures Defendant Springfield provided and/or should be excused from challenging the taking through Defendant Springfield's proscribed procedures because those procedures were unavailable or inadequate under the law.

149.     Plaintiffs and class members have exhausted their available administrative remedies before filing suit.

150.     At all times pertinent to this complaint, Plaintiffs' and class members' rights were well-established.

151.     At all times pertinent to this complaint a reasonable person would have known of Plaintiffs' and the class members' rights.

152.     Defendant LaserCraft, Inc. is not entitled to qualified immunity or sovereign immunity.

153.     As a direct and proximate result of Defendant LaserCraft, Inc.'s actions, Plaintiffs and class members have been damaged, deprived of their property, and incurred attorney's fees, costs and expenses.

154.     Plaintiffs and class members seek a permanent injunction enjoining Defendant LaserCraft, Inc. from enforcing Section 106-161 of the municipal code against Plaintiffs, class members, or any other individual who has received notice of their violation of Section 106-161, even if they have not yet paid the $100 fine.

155.     Plaintiffs and class members are therefore entitled to damages and the recovery of litigation costs, including reasonable attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiffs pray this Court (1) certify the class described above, (2) order Defendant LaserCraft, Inc. to disgorge all moneys improperly obtained from Plaintiffs and class members as a result of the alleged red-light violations, (3) award Plaintiffs all equitable and injunctive relief to which they are entitled; (4) enter judgment against Defendant LaserCraft, Inc. for actual and compensatory damages in an amount to be determined by a jury as fair and reasonable, (5) award Plaintiffs and the class their costs of litigation and reasonable attorney fees

pursuant to 42 U.S.C. § 1988, and (6) award Plaintiffs and the class such other relief as the Court deems just and proper.

## COUNT IX—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT—DEFENDANT LASERCRAFT, INC.

156.     Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

157.     At all times pertinent to this complaint, Plaintiffs and class members were consumers as defined in 15 U.S.C. § 1692(a)(3).

158.     At all times pertinent to this complaint, Defendant LaserCraft, Inc. was a creditor as defined in 15 U.S.C. § 1692(a)(4).

159.     At all times pertinent to this complaint, Defendant LaserCraft, Inc. was a debt collector as defined in 15 U.S.C. § 1692(a)(6).

160.     Between 2007 and 2010, Plaintiffs and class members incurred financial obligations to Defendant Springfield that were primarily for personal or family use, which were debts as defined in is U.S.C. § 1692(a)(5).

161.     Defendant LaserCraft, Inc. collected debts on behalf of Defendant Springfield.

162.     The debt Defendant LaserCraft, Inc. sought to collect was for Plaintiffs' and class members' use of the traffic signals in the City of Springfield.

163.     Specifically, the debt was for Plaintiffs non-payment of fees for passing through an intersection while the traffic signal was red.

164.     The debt Defendant LaserCraft, Inc. collected from Plaintiffs and class members arose out of a pro tanto exchange between Plaintiffs and class members' and Defendant Springfield.

165.     The debt Defendant LaserCraft, Inc. collected from Plaintiffs and class members did not arise out of a public burden imposed generally on all of the inhabitants of the City of Springfield.

166.     In an effort to collect the debts, Defendant LaserCraft, Inc. mailed Plaintiffs and class members notices of Plaintiffs and class members' obligation to pay Defendant Springfield.

167.     The notices sent by Defendant LaserCraft, Inc. constituted communication as that term is defined in 15 U.S.C. § 1692(a)(2).

168.     In violation of 15 U.S.C. § 1692(d), Defendant LaserCraft, Inc. mailed Plaintiffs and class members notices of violation of Section 106-161 of the municipal code of the City of Springfield, the natural consequence of which was to harass, oppress or abuse Plaintiffs and class members.

169.     In violation of 15 U.S.C. § 1692(e), Defendant LaserCraft, Inc. used false, deceptive and misleading means to collect the debt.

170.     Defendant LaserCraft, Inc.'s false, deceptive and misleading conduct included, was but not limited to:

  a.  Representing that Defendant Springfield had a lawful red light ordinance;

  b.  Representing that Defendant Springfield had authority to not report red light violations to the Department of Revenue;

  c.  Representing that Defendant Springfield had authority to refer red light appeals to the Circuit Court;

  d.  Representing that Defendant Springfield had authority to designate municipal judges as "hearing officers" to hear red light disputes;

e. Representing that Defendant Springfield had a constitutionally sufficient review procedure;

f. Representing that Defendant Springfield's red light ordinance was lawful and could withstand a court challenge;

g. Representing that Defendants could take further legal action to collect the $100.00;

h. Representing that Plaintiffs and class members committed a crime.

171. Defendant LaserCraft, Inc. violated 15 U.S.C. § 1692f(1) by collecting monies from Plaintiffs and class members that were not permitted by law.

172. Plaintiffs and class members suffered actual damages as a direct and proximate result of Defendant LaserCraft, Inc.'s violations of the Fair Debt Collection Practices Act as outlined above.

173. Plaintiffs' and class members' actual damages include but are not limited to monetary loss, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, harassment and unjustified and abusive invasions of Plaintiffs' and class members' privacy.

174. Pursuant to 15 U.S.C. § 1692k(a)(1) Plaintiffs and class members are entitled to recover all actual damages they sustained as a result of Defendant LaserCraft, Inc.'s violations of 15 U.S.C. § 1692d, 1692e, and 1692f.

175. Pursuant to 15 U.S.C. § l692k(a)(2)(A) Plaintiffs and class members are entitled to statutory damages.

176. Pursuant to 15 U.S.C. § l692k(a)(3), Plaintiffs and class members are entitled to recover their reasonable attorney fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiffs and class members pray this court enter judgment against Defendant LaserCraft, Inc., award Plaintiffs and class members their actual damages, statutory damages, reasonable attorney fees and costs, and grant Plaintiffs and class members such other relief as the Court deems just and proper.

## COUNT X – SUNSHINE LAW

177.    Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

178.    Plaintiff Mills, through counsel, made a lawful sunshine law request upon Defendant Springfield of Springfield under Chapter 610 of the Revised Statutes of Missouri.

179.    Defendant Springfield did not make a timely response to the sunshine request.

180.    When Defendant Springfield did respond, it failed to produce the requested documents or state, as was requested, a lawful reason for non-compliance.

181.    Rather, Defendant Springfield unlawfully demanded thousands of dollars to produce the documents embodying the names and addresses of those paying a red light fine within the time specified.

182.    Defendant Springfield's violation of the sunshine law was deliberate, willful and without just cause.

183.    Plaintiffs are entitled to the statutory penalty under Chapter 610 plus their attorney's fees and costs.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, for their attorney's fees and costs, for statutory damages and for such other relief as the Court deems just and proper.

## COUNT XI – FRAUDULENT MISREPRESENTATION

184.    Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

185.    Defendant City of Springfield is self-insured and has waived sovereign immunity.

186.    Defendants made representations to Plaintiffs that they knew were false or were ignorant of their truth or falsity.

187.    Defendants' representations were made via direct communication with plaintiffs, through statements of City officials to the media, and were made in public meetings and reported through the media.  These statements included but are not limited to stating:

   a.  Defendant Springfield had a lawful red light ordinance.

   b.  Defendant Springfield had authority to not report red light violations to the Department of Revenue.

   c.  Defendant Springfield had authority to refer red light appeals to the Circuit Court.

   d.  Defendant Springfield had authority to designate municipal judges as "hearing officers" to hear red light disputes.

   e.  Defendant Springfield had a constitutionally sufficient review procedure.

   f.  Defendant Springfield's red light ordinance was "revenue neutral" and therefore was not a tax.

   g.  Defendant Springfield's red light ordinance was lawful and could withstand a court challenge.

188.    Defendants did not seek or obtain permission of the State of Missouri to exempt Defendant Springfield's reporting of red light camera violations to the Missouri Department of Revenue after plea of guilty.

189.     Defendants did not seek or obtain permission from the Missouri legislature to designate the Circuit Court to hear appeals from the decision of Defendant Springfield red light tribunal nor did Defendant Springfield cause the Missouri Constitution to be amended to give the Circuit Courts jurisdiction to review same.

190.     The representations made by Defendants were material misrepresentations.

191.     Defendants intended for Plaintiffs and class members to rely upon their misrepresentations.

192.     Plaintiffs and class members were ignorant of the falsity of Defendants' representations.

193.     Plaintiffs and class members relied upon Defendants representations by taking actions including but not limited to paying fines and had a right to rely upon them.

194.     As a direct and proximate result of Defendants tortious conduct, Plaintiffs were damaged.

195.     The actions of separate Defendant LaserCraft were evil, wanton and willful so as to justify the imposition of punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, for their costs incurred in bringing this action, and for such other relief as the Court deems just and proper.

## <u>COUNT XII – QUASI-ESTOPPEL – CITY OF SPRINGFIELD</u>

196.     Plaintiffs incorporate all preceding allegations by reference as if set out in full in this count.

197.     After the Missouri Supreme Court ruled that Defendant City of Springfield's red light ordinance was void, high officials within City Government made public statements

adopting a position that Defendant Springfield would offer refunds to aggrieved motorists.

198.    Presently, Defendant Springfield has adopted a position contrary to or inconsistent with the one previously assumed by Defendant Springfield.

199.    The doctrine of quasi estoppels or "quasi estoppels by election" bars Defendant City of Springfield from taking the position in the present litigation that Plaintiffs are not entitled to a refund of their fines which were collected under the ordinance.

**WHEREFORE**, Plaintiffs pray this Court enter its order barring Defendant City of Springfield from taking the position in the instant litigation that Plaintiffs are not entitled to a refund of their $100 fines.

<u>**JURY DEMAND**</u>

Plaintiffs and the class members respectfully request a trial by jury.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone:  (417) 326-5261
Facsimile: (417) 326-2845
nduncan@bolivarlaw.com

By____/s/ Nathan A. Duncan_____
      Craig R. Heidemann
      Missouri Bar No. 42778
      Nathan A. Duncan
      Missouri Bar No. 60186
      Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Stinson Morrison Hecker LLP
Jeremy Root
230 W. McCarty Street
Jefferson City, MO 65101

Dowd Bennet LLP
Jennifer Kingston
7733 Forsyth Blvd., Suite 1410
St. Louis MO  63105

By     /s/ Nathan A. Duncan                 
Nathan A. Duncan
